7049

AMERICAN SPINNING CO. *v.* SOUTHERN RY.

RAILROADS.—DEED in question construed to grant to the railroad company a right of way of one hundred feet on each side of the center of the main line track in that part of the land through which the main line was originally constructed.

Before DANTZLER, J., Greenville, December, 1905. Affirmed.

Action by American Spinning Company against Southern Railway Company, to enjoin it from laying sidetracks on property owned by plaintiff. Upon return to rule the question of injunction *pendente lite* was submitted on the following agreed statement of facts:

1. Paragraphs 1, 2, 3 and 4 of the complaint are admitted.

2. The plat made by J. E. Sirrine for the plaintiff, and that made by Thomas Bernard for the defendant, are admitted in evidence.

3. Upon the plat produced by each of the parties appears a line marked N. 32 E., running from a stone near the Buncombe road to a stone in front of Mill No. 1. This was formerly the dividing line between the lands of H. P. Hammett and Franklin Coxe. The plaintiff claims from H. P. Hammett and the defendant also claims its right of way from him. The main line of the railroad as located in 1872 or 1873 and continuously used ever since, crosses the Buncombe road at the point indicated on the plat, and enters the Franklin Coxe property at a point about 55 feet from the stone corner near the Buncombe road, indicated on the plat as a corner on the N. 32 E. line, the dividing line between Hammett's and Coxe's. The track proceeds upon a three degree curve in a northeastern direction, gradually approaching the said dividing line, until it intersects it at a point 306 feet from the stone corner above referred to. It runs thence along dividing line for a distance of 322.3 feet. It then leaves the said line as gradually as it approached the same and does not touch plaintiff's land again until it reaches a point where plaintiff owns land upon both sides of the track, not now in controversy.

4. The plaintiff admits that the defendant is entitled to 100 feet right of way from the center of the track along that portion 322.3 feet in length from the point at which the main line first touches the said dividing line to the point it leaves the same, but it contends that said claim is limited to that space.

5. The defendant by its deed from Franklin Coxe obtained a right of way over his land of only twenty-five feet upon each side, measuring from the center of the main line. When, therefore, the main line entered the Coxe lands at the Buncombe road there was a triangular piece of the Coxe land between the twenty-five feet strip of right of way and the Hammett land, over which the railway company

had no claim. The same situation was presented at the other end of the dividing line.

6. The Hammett deed is correctly set forth in the order of temporary injunction and is admitted in evidence, recorded December 28, 1871, in R. M. C. office in Greenville county, Book D. D., 226.

7. The plaintiff has erected a large cotton mill plant on the land purchased by it from H. P. Hammett, covering the fee to the strip claimed by the defendant as a right of way, and manufactures cotton into yarn and cloth. At no point whatever are any of its buildings or appurtenances, except its office, stable, sewers, hydrants and ways, nearer than 100 feet to the center of defendant's main line. It has also constructed upon its said property sewers, hydrants, and highways appurtenant thereto, some of which are within the disputed territory.

8. Plaintiff served notice on the defendant that it did not consent to nor permit defendant's entry upon said premises.

9. Defendant under its claim of right of way proposes to enter upon said premises for the purpose of extending its yard at Greenville, S. C., by making fills and laying tracks alongside of its main line and within 100 feet of the center thereof from the Buncombe road to the limit of the dividing line between the Hammett and Coxe properties.

The Circuit Court made the following order:

"This action was instituted on the 24th day of November, 1905, for injunction to prevent the defendant company from entering upon the land of the plaintiff for the purpose of constructing railway tracks, said threatened entry being about to be made without condemnation proceedings and against written notice of plaintiff forbidding the same.

"A preliminary restraining order was signed by me on November 24, 1905, which also contained a rule to show cause why the injunction should not be continued until the final hearing of the case.

"The matter is now before me upon the return of the defendant to this rule. The hearing was had upon the complaint, answer and return, plats of the location submitted by each party, and the original deed for right of way by H. P. Hammett.

"The real contention of the parties is upon the construction of this deed, and the effect of this will be more clearly understood by the following explanation:

"Upon the plat produced by each of the parties appears a line marked N. 32 E., running from a stone near the Buncombe road to a stone in front of Mill No. 1. This was formerly the dividing line between the lands of H. P. Hammett and Franklin Coxe. The plaintiff claims from H. P. Hammett and the defendant also claims its right of way from him. The main line of the railroad as located in 1872 or 1873 and continuously used ever since, crosses the Buncombe road at the point indicated on the plat, and enters the Franklin Coxe property at a point about 55 feet from the stone corner, near the Buncombe road, indicated on the plat as a corner on the N. 32 E. line, the dividing line between Hammett's and Coxe's. The track proceeds upon a three degree curve in a northeastern direction, gradually approaching the said dividing line until it intersects it at a pont 306 feet from the stone corner above referred to. It runs thence along said dividing line, the center of the track being the same, for a distance of 322.3 feet. It then leaves the said line as gradually as it approached the same and does not touch plaintiff's land again until it reaches a point where plaintiff owns land upon both sides of the track, not now in controversy. The plaintiff admits that the defendant is entitled to 100 feet right of way from the center of the track along that portion, 322.3 feet in length from the point at which the main line first touches the dividing line to the point it leaves the same, but it contends that said claim is limited to that space. The defendant by its deed from Franklin Coxe obtained a right of way over his land of only twenty-five feet upon each side, measuring

from the center of the main line. When, therefore, the main line entered the Coxe lands at the Buncombe road there was a triangular piece of the Coxe land between the twenty-five feet strip of right of way and the Hammett land over which the railway had no claim. The same situation was presented at the other end of the dividing line.

"The Hammett deed is as follows:

" 'Atlanta and Richmond Air Line Railroad Company.

" 'State of South Carolina—Greenville County.

" 'In consideration of the benefit and advantage to me accruing by the construction of the Atlanta and Richmond Air Line Railway, as well as the receipt of five dollars, to be paid, and also in consideration that the said company shall and do make and keep in good order sufficient cattle guards on the said premises, I have this day bargained and sold, and do hereby transfer and convey unto the Atlanta and Richmond Air Line Railway Company, and its successors and assigns, all the land contained within 100 feet in width on each side of the track or roadway (measuring from the center) of any portion of the lot of land hereinafter described, through which said railway may be constructed, run and operated. The land hereby conveyed being cut off and a portion of a certain track lying and being in the county and State aforesaid, near the city of Greenville, and adjoining lands of Franklin Coxe, J. A. David, B. F. Perry, William Bates and others.

" 'To have and to hold said track or parcel of land unto said Atlanta and Richmond Air Line Railway Company for railroad purposes forever and for no other in fee simple.

" 'Witness my hand and seal, this 27th day of May, A. D. 1871.

" 'Signed, sealed and delivered in presence of

" 'W. K. Easley,

" 'F. B. McBee.                    H. P. Hammett (L. S.).'

"The defendant contends that it is entitled to a right of way over any portion of the land in question within 100 feet

of the center of the main line, whether such portion be actually touched by the main line or not; that the deed does not limit the terms 'constructed, run and operated' to the laying of a main line simply, but necessarily includes sufficient right of way for railroad purposes, and that the deed is in perpetuity; the railroad company may at any time after it has laid the main line call for such portion of the land as may be needed for railroad purposes.

"I am of the opinion that the construction claimed by the plaintiff is correct and that the deed means to convey only a right of way through that particular part of the land actually touched by the main line as laid out originally; that is, the portion through which the railroad may be constructed, run and operated within the meaning of the deed.

"It is, therefore, ordered and adjudged, that the defendant, its agents and servants be, and it is hereby restrained and enjoined from entering upon any portion of the plaintiff's premises other than that over which it has admittedly a right of way, as stated above, until the further order of this Court.

"This injunction to be of force only upon the execution by the plaintiff of a bond with sufficient surety to be approved by the clerk in the sum of five hundred ($500) dollars, conditioned as required by the statute."

Upon agreement of counsel, this order was appealed from by defendant as a final decree.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Right of way is a part of a railroad's construction:* 63 S. C., 268. *Cases determining the extent and meaning of a railroad right of way:* 152 Fed., 852; 172 U. S., 181; 138 U. S., 1; 44 S. W., 648; 23 Ency., 697, 703; 17 Ency., 23.

*Mr. B. A. Morgan,* contra, cites: *Railroad company had right to locate at any place and havng elected can not now*

*take another location:* 27 Am. R., 36; 35 S. E., 458; 50 Mich., 500; 75 S. C., 223.

November 16, 1908.   The opinion of the Court was delivered by

MR. JUSTICE WOODS. This Court adopts and affirms the decree of the Circuit Court.